```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

```
COUNTRYWIDE HOME LOANS, INC.,      :    No. 4:CV-05-1105
                                   :
    Plaintiff,                     :    Complaint filed 05/31/05
                                   :
        v.                         :    Judge Muir
                                   :
WILLIAM F. KORNECKI and            :
ESTELLE KORNECKI,                  :
                                   :
    Defendants                     :
```

ORDER

August 9, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 31, 2005, Plaintiff Countrywide Home Loans, Inc. (hereinafter "Countrywide"), initiated this action by filing a two-count complaint against William F. Kornecki and Estelle Kornecki.  According to the summonses filed in this case, the Korneckis are husband and wife.  Countrywide claims that the Korneckis obtained a mortgage for real estate which has been assigned to Countrywide, they have not fulfilled the obligations imposed upon them pursuant to the mortgage, and they are now in default under the terms of that loan.  Countrywide seeks an *in rem* judgment authorizing, *inter alia*, the sale of the property at issue.

The Korneckis were served with copies of the summons and complaint on June 20, 2005.  They have failed to file any response as required by the Federal Rules of Civil Procedure.

On July 12, 2005, Countrywide filed a request addressed to the Clerk of Court to enter a default, a motion addressed to the court for default judgment, and a brief in support of the motion for default judgment. The Clerk of Court entered a default against the Korneckis on July 13, 2005.

The motion for default judgment is supported by an affidavit and a brief. The time allowed for the Korneckis to file an opposition brief expired on August 1, 2005. To this date they have not filed any document in this case. We consider the motion for default judgment to be ripe for disposition because the motion itself, supporting affidavit and brief, and docket entries provide us with all of the information necessary to rule on the pending motion.

One reason to grant the motion is that it is unopposed. *See* M.D. Local Rule 7.6 (providing that the failure to file an opposition brief "may result in the court granting the motion on the basis that it is unopposed"). That is not the only reason to grant Countrywide's motion.

The Court of Appeals for the Third Circuit has stated that the following factors govern the disposition of a motion for a default judgment: (i) whether the plaintiff will be prejudiced if the default judgment is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct. United States v.

$55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Spar v. Choice Security Systems, Inc., 880 F. Supp. 402, 404 (E.D. Pa. 1995)(Brody, J.). The decision as to whether to grant a motion for a default judgment is in the court's discretion. Id. at 402.

The first factor weighs against Countrywide because it has not argued or demonstrated that it would be prejudiced if we do not enter a default judgment against Heffler.

With respect to the second factor, we are unable to evaluate the merits of the Korneckis's potential defenses because they have not informed us of any defense. In addition, a cursory review of the complaint has not revealed any obvious defense that they could assert in this action. This factor weighs in favor of Countrywide.

The last element also favors Countrywide because the Korneckis are solely at fault for failing to file a responsive pleading.

Countrywide has established that it is entitled to a default judgment in this case. We will grant its motion for that relief.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Countrywide's motion for a default judgment against the Korneckis (Document 9) is granted.
2. Judgment is hereby entered for the sum of $199,423.86 as of July 12, 2005, plus interest thereafter in the

      amount of $32.78 per day, attorneys fees, costs, advances, and all other related fees and expenses until paid in full, to which Countrywide is entitled from the Korneckis pursuant to the note and mortgage obligation at issue in this case.

3. It is hereby ordered that all legal rights, title, and interest which the Korneckis have in the subject property inclusive of all buildings and improvements thereon be sold at Marshal's sale and that all amounts owed by the Korneckis to Countrywide pursuant to this judgment be paid out of the proceeds of such sale.

4. It is hereby further ordered that, if proceeds of such sale of the subject property exceed the sum of money owed by the Korneckis to Countrywide pursuant to this judgment, any such excess shall be deposited with the Clerk of Court subject to further order of the court.

                                          s/Malcolm Muir
                                          MUIR, U.S. District Judge

MM:ga